Geana J. DUNKIN, Plaintiff,

v.

**LOUISIANA–PACIFIC CORPORATION,**
James Beldin, and Douglas Eddins,
Defendants.

Civ. A. No. 92 N 243.

United States District Court,
D. Colorado.

Jan. 17, 1995.

David L. Smith, Denver, CO, for plaintiff.

Cecil R. Hedger, Harding & Ogborn, Denver, CO, Starr Kelso, Kelso & Irwin, P.A., Coeur d'Alene, ID, Greg R. Tichy, Veradale, WA, Gregory D. Barton, Harding & Ogborn, Lincoln, NE, for defendants.

## MEMORANDUM OPINION AND ORDER

NOTTINGHAM, District Judge.

This matter, an action arising partly under various federal and state statutes and alleging illegal discrimination in the terms and conditions of employment, is now before the court on the "Stipulation of Dismissal With Prejudice" filed by all parties on January 6, 1995. The parties have apparently resolved their disputes. A part of the resolution is that defendants will not try to enforce or collect—and plaintiff's counsel, David L. Smith, will not have to pay—certain monetary sanctions imposed on him by this court and the United States Court of Appeals for the Tenth Circuit. The parties have evidently signed an agreement to this effect. All of this is unremarkable and causes the court little concern. The sanctions in question consisted mainly of orders that Mr. Smith pay defendants' attorney fees and costs incurred as a result of numerous discovery disputes in the case. The orders having been entered partly to compensate defendants, I can think of no public policy which would prohibit defendants from bargaining away their right to such compensation.

■ There is more, however. The parties want this court not only to dismiss the case,

but also to incorporate the parties' agreement, by reference, and to make it an order of the court. The agreement, as quoted in the parties' stipulation, provides for the "vacation and dismissal" of all monetary sanctions against Mr. Smith "nunc pro tunc to the date of their imposition by the United States District Court for the District of Colorado and/or the United States Court of Appeals for the Tenth Circuit." It thus appears that the parties expect this court to vacate all sanction orders in the case, including those entered by the court of appeals. The "nunc pro tunc" language underscores their intent to nullify all sanction orders—to pretend that they were never really entered.

■ I decline the parties' invitation to incorporate such a stipulation as the order of this court. Setting to one side the conceptual problem presented by the proposal that I vacate an order entered by the court of appeals (something which I believe to be beyond this court's jurisdiction), I decline on other grounds as well. I think the case analogous to *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,* —— U.S. ——, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994), in which the United States Supreme Court held that settlement of a case on appeal does not ordinarily entitle the parties to an order vacating the lower court judgment which is the subject of the appeal, even if the parties have bargained for such an order. The sanction orders entered by this court and the court of appeals in this case reflect serious abuse of the discovery process by plaintiff's counsel. As I observed during one of the many discovery hearings occasioned by counsel's behavior, such abuse, if undertaken by any significant number of lawyers, would bring civil litigation to a halt. The public generally, and particularly those members of the public who use civil litigation to resolve their disputes, have a stake in conserving judicial resources by protecting the litigation process against such abuse. The sanction orders were intended not only to compensate defendants, but also to vindicate the public interest by discouraging such abuse as occurred here. While the parties may bargain away the benefits they receive under such orders, they are not entitled to bargain away the public interest by demanding that the court vacate the orders.

I mentioned earlier that the sanction orders at issue consisted "mainly" of monetary sanctions against plaintiff's counsel. The exception is the court of appeals' order suspending plaintiff's counsel from practicing law before that court and suggesting that the court might consider reinstatement if counsel paid the monetary sanctions imposed in this and other cases. It is this order which illustrates most vividly why the parties' request for *vacatur* is inappropriate in these circumstances. The court of appeals' order is premised on concerns which go beyond this case and the parties thereto. It is disciplinary in nature and reflects a judgment about Mr. Smith's conduct as counsel in this and other cases. It will be for the court of appeals to decide, if and when Mr. Smith applies for reinstatement, whether the settlement negotiated in this case constitutes compliance with the court's condition requiring him to demonstrate "that each sanction order of … the district court has been satisfied." I will not accede to Mr. Smith's apparent attempt to bolster a prospective attempt at reinstatement by vacating the order imposing monetary sanctions in this case.

Upon the foregoing findings and conclusions, it is

ORDERED as follows:

1. The case is dismissed with prejudice, each party to bear his, her, or its own costs.

2. Contrary to the parties' stipulation, this order does not vacate any order heretofore entered in this case.